UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

RONALD LYNN HORN, )
  )
   Petitioner, )
  )   No. 3:12-CV-51-DLB-HAI
v. )
  )   RECOMMENDED DISPOSITION
DAVID FRY, Warden, )
  )
   Respondent. )
  )
  )

\*\*\* \*\*\* \*\*\* \*\*\*

On June 11, 2012, Petitioner Ronald Lynn Horn, proceeding pro se, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus.[1] (D.E. 1). Pursuant to local practice, this matter was referred to the undersigned for a preliminary review and recommended disposition. 28 U.S.C. § 636(b). For the reasons that follow, the Court finds that Petitioner's claims are clearly barred by the applicable statute of limitations and the prohibition in § 2244(b)(1) against second or successive petitions. Therefore, the Court **RECOMMENDS** that Petitioner's § 2254 petition be **DISMISSED**, and further **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

## I. PRELIMINARY REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides for preliminary review by the court prior to serving the Respondent with a copy of the motion and requiring a response.

---

[1] Although Petitioner's motion was not docketed by the district court clerk until July 16, 2012, Petitioner declared under penalty of perjury that he placed the petition in the prison's mailing system on June 11, 2012. (D.E. 1 at 16). While the Court wonders whether Petitioner actually placed the petition in the prison's mailing system on *July 11* and failed to catch this typographical error, the Court will nevertheless construe this issue in Petitioner's favor and treat the petition as having been filed on June 11, 2012. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)).

Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rules Governing Section 2254 Cases, Rule 4. Upon preliminary review, the Court finds that the Petition must be dismissed because it is clearly time-barred. In addition, because Petitioner has previously filed a § 2254 Petition with this Court, the Petition must be dismissed pursuant to § 2244(b)(1).

## II.  APPLICABLE STATUTE OF LIMITATIONS

The Court finds, for the reasons described below, that Petitioner's claims are time-barred pursuant to the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects § 2254 petitions to a one-year limitation period.[2] 28 U.S.C. § 2244(d). The statute provides that the limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires. *See Linscott v. Rose,* 436

---

[2]  The provisions of AEDPA apply to § 2254 petitions filed after the Act's April 24, 1996 effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Here, Petitioner filed his petition on June 11, 2012. Thus, AEDPA, and its limitation period, is applicable to these proceedings. *See id.*

F.3d 587, 591 (6th Cir. 2006) ("A person in custody pursuant to the judgment of a state court must file his application for a writ of habeas corpus within one year of the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review.").

Petitioner challenges his December 1995[3] convictions for rape and sodomy in Henry and Oldham Circuit Courts; more specifically, however, he challenges the revocation of his probation on these original convictions. Petitioner was originally sentenced to a total of seventeen years. (*See* D.E. 1-10 at 35-37). Then, by order entered on April 1, 1996, in Oldham Circuit Court and April 8, 1996, in Henry Circuit Court, Petitioner was granted shock probation for a period of five years. (*See id.*). Conditions of Petitioner's probation "required that the defendant not commit any other offense, directed that the defendant not be alone with any juvenile female and directed that the defendant not reside in any home where a juvenile resided." (*See id.*).

On May 10, 2001, Petitioner pled guilty to additional sex offenses in Oldham Circuit Court. (*See id.*). On May 14, 2001, the Oldham Circuit Court revoked Petitioner's probation based upon these new convictions, in addition to Petitioner's admission that he had been alone with two juvenile females and resided with two other juvenile females during calendar year 1998. (*Id.*). Petitioner argues that the court violated his right to due process by revoking his probation after the probationary period had expired. (*See* D.E. 1 at 6-11). He also claims his

---

[3] Petitioner lists November 9, 1995, as the date of judgment of conviction on rape and sodomy offenses in Henry Circuit Court. (D.E. 1 at 1). He also indicates, however, that he was not sentenced on those offenses until December 14, 1995. (*See id.*). In addition, a brief review of the state court record attached to his Petition indicates judgment was entered on December 15, 1995, for rape and sodomy offenses in Oldham Circuit Court. (*See* D.E. 1-10 at 23-25). A later order of the Oldham Circuit Court revoking Petitioner's probation indicates that Petitioner was originally sentenced to seven years on rape and sodomy offenses in Oldham Circuit Court Action No. 95-CR-00025 and ten years on rape and sodomy offenses in Henry Circuit Court Action No. 95-CR-00010. (*See* D.E. 1-10 at 35-37). The sentence imposed by the Henry Circuit Court was consecutive to the sentence imposed by the Oldham Circuit Court, for a total of seventeen years. (*See id.*).

attorney rendered ineffective assistance for failing to stop the court from revoking his probation. (*See id.*).

Petitioner did not appeal the court's order of May 14, 2001 revoking his probation. (*See* D.E. 1 at 6-11). Pursuant to Rule 12.04 of the Kentucky Rules of Criminal Procedure, Petitioner had 30 days thereafter in order to timely appeal from that judgment. *See* Ky. R. Crim. P. 12.04(3) (2003) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken . . . ."). Having failed to do so, the time for seeking direct review expired—and therefore Petitioner's judgment of conviction became final for purposes of AEDPA—on June 13, 2001. Thus, the federal limitations period began to run on June 13, 2001, and expired on June 13, 2002.

Petitioner then proceeded to file various post-conviction motions in state court challenging the revocation of his probation. The first of these, however, was not filed until July 7, 2003, when Petitioner filed a motion to vacate or correct sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. (*See* D.E. 1-10 at 6). Although the proper filing of a state post-conviction motion tolls the one-year federal statute of limitations, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."), Petitioner filed his first state post-conviction motion more than a year *after* the federal statute of limitations had already expired. Because the statute had already expired, there was no time left to toll by the filing of a state motion.

The instant Petition, filed on June 11, 2012, is therefore untimely. Because the Petition was filed well outside AEDPA's one-year statute of limitation, the Court should dismiss it as time-barred.

4

### III. SECOND OR SUCCESSIVE PETITION

The Court also notes that Petitioner previously filed a § 2254 petition in this Court on October 31, 2005. (*See Horn v. Simpson,* Frankfort Civ. Case No. 05-76-KKC). The Court dismissed that Petition as untimely for the same reasons articulated in this recommended disposition. (*See id.* at D.E. 3, 10, & 11). In addition to being untimely, therefore, the Petition is barred by § 2244(b)(1), which states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *See* 18 U.S.C. § 2244(b)(1). *See also In re Wilson,* 127 F.3d 1103, No. 97-0569, at *1 (6th Cir. Oct. 23, 1997) (unpublished table decision) ("a claim presented in a second or successive habeas petition that was presented in a prior application must be dismissed.").

Petitioner presented the same claims in his previous § 2254 petition. Therefore, his current Petition is subject to dismissal pursuant to § 2254(b)(1).

### IV. CERTIFICATE OF APPEALABILITY

Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the undersigned recommends dismissal on procedural grounds—that is, pursuant to the applicable statute of limitations and the prohibition on second or successive petitions pursuant to § 2244(b)(1). No Certificate of Appealability should issue because no jurist of reason would debate whether the Petition states a valid claim for relief.

5

## V. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DISMISS** the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1), and **DENY** the issuance of a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Cases, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 23rd day of July, 2012.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge