UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CIVIL ACTION NO. 12-51-DLB-HAI

RONALD LYNN HORN                                                                    PETITIONER

vs.         **ORDER ADOPTING REPORT AND RECOMMENDATION**

DAVID FRY, Warden                                                                    RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition ("R&R") (Doc. # 3) of the United States Magistrate Judge wherein he recommends that Petitioner Ronald Lynn Horn's Petition for Writ of Habeas Corpus (Doc. # 1) pursuant to 28 U.S.C. § 2254 be denied as time-barred and because it is a second or successive petition. Petitioner timely filed objections to the Report and Recommendation. (Doc. # 4). Respondent having filed no response to the objections, and the time for submitting a response having now expired, the Recommended Disposition and Petitioner's objections are ripe for review.

Pursuant to local practice, Petitioner's habeas petition was referred to United States Magistrate Judge Hanley A. Ingram for review and preparation of a Report and Recommendation (R&R). The Magistrate Judge conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determined that the petition must be dismissed because it was plainly apparent that the petitioner was not entitled to relief. Specifically, the Magistrate Judge concluded that the petition was filed outside of the applicable one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1)

1

and, therefore, time-barred. Additionally, the Magistrate Judge found that Petitioner filed a previous § 2254 petition in this Court, which was dismissed as untimely. Therefore, as an alternative basis for dismissal, the Magistrate Judge concluded that this was a second or successive petition that must be dismissed pursuant to 28 U.S.C. § 2244(b).

Petitioner now objects to the Magistrate Judge's recommended adjudication. Although Petitioner listed thirteen (13) specific objections to the Magistrate Judge's R&R, he has essentially raised only two objections to the Magistrate Judge's substantive recommendations.[1] First, Petitioner asserts that the Magistrate Judge erred in concluding that this is a second or successive petition that must be dismissed. Second, Petitioner restates the claims in his habeas petition and argues the Magistrate Judge erred in ignoring those claims. Notably, however, Petitioner does not object to the Magistrate Judge's conclusion that his petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

The Magistrate Judge appropriately concluded that Petitioner's habeas petition was time-barred. Pursuant to 28 U.S.C. § 2244(d)(1), § 2254 petitions are subject to a one-year period of limitation. The statute provides that the limitation period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner's remaining "objections" challenge matters that are inconsequential to the outcome of this case.

2

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applied to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petitioner's § 2254 challenges the revocation of his probation on his December 1995 conviction for rape and sodomy in Henry and Oldham Circuit Courts. As the Magistrate Judge found, Defendant was originally sentenced to seventeen years incarceration. (*See* Doc. # 1-10 at 35-37). However, in April 1, 1996 and April 8, 1996, Oldham and Henry Circuit Courts, respectively, granted Petitioner five (5) years of shock probation, which required, in part, that Petitioner "not commit any other offense, direct that the [Petitioner] not be alone with any juvenile female and directed that the [Petitioner] not reside in any home where a juvenile resided." (*Id.*).

On May 10, 2001, Petitioner pled guilty to two sex offenses in Oldham Circuit Court. (*See id.* at 36). As a result of the new convictions, the Oldham Circuit Court revoked Petitioner's shock probation and ordered that Petitioner serve seventeen (17) years in the Department of Corrections, to be served consecutive to any sentence for the two recent sex offenses. Petitioner argues that the Oldham Circuit Court violated his due process rights by revoking his probation after the probationary period expired.

Petitioner did not file a direct appeal of the Oldham Circuit Court's Order. Pursuant to Rule 12.04 of the Kentucky Rules of Criminal Procedure, Petitioner had 30 days from the date the Order was issued to file an appeal. Having failed to file an appeal, Petitioner's

time for seeking review expired on June 11, 2001.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year period of limitations to file a federal habeas corpus petition began to run from this date, and thus expired on June 11, 2002.

Petitioner failed to file a habeas petition within the one-year period of limitations.  Moreover, Petitioner failed to file a state post-conviction motion in state court during this one year period. Section 2254(d)(2) permits the federal period of limitations to be tolled if the petitioner files a state post-conviction motion during the one-year federal period.  Here, however, Petitioner filed a motion to vacate or correct sentence pursuant to Kentucky Rule of Criminal Procedure 11.42 on July 7, 2003 – over a year after Petitioner's federal period of limitations had expired.  As a result, there was no federal period left to toll, and this § 2254 motion is therefore time barred.

Petitioner did not object to the Magistrate Judge's accurate finding that this habeas petition is time barred.  This bar precludes the Court from reviewing the merits of Petitioner's claims.  When a habeas claim is time-barred under 28 U.S.C. § 2244(d)(1), the Court must decline to review the claim on its merits. *Ege v. Yukins*, 485 F.3d 364, 380 (6th Cir. 2007) ("[W]e decline to review the merits of [Petitioner's] free-standing ineffective assistance claim on habeas because we believe the claim is time-barred under 28 U.S.C. § 2244(d)(1)").  Therefore, each of Petitioner's "objections," wherein he restates the merits of his habeas petition will not be considered.

The Magistrate Judge reached an alternative reason that this petition must be dismissed.  The Magistrate Judge concluded that this was a second or successive petition that must be dismissed pursuant to 28 U.S.C. § 2244(b)(1) because Petitioner presented these same claims in a pervious habeas petition, which was dismissed as untimely.  (*See*

*Horn v. Simpson*, Frankfort Civ. Case No. 05-76-KKC). Petitioner objects to this conclusion, arguing that he is presenting different issues in this habeas petition, rending § 2244(b)(1) inapplicable. Even if Petitioner's assertion was correct, which the Court doubts, this is still a successive petition that must be dismissed.

Section 2244(b)(2) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed," unless one of two conditions can be met. First, the Petitioner may show that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2244(b)(2)(A). Second, the Petitioner may demonstrate that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. 2244(b)(2)(B). Having reviewed Petitioner's claims, neither of these exceptions apply. As a result, even if Petitioner is asserting new claims in this petition, those claims should have been raised in his initial petition. Because they were not, Petitioner is barred from asserting them in this second or successive petition. *See* 28 U.S.C. § 2244(b)(2).

Accordingly, the Magistrate Judge appropriately concluded that this petition must be dismissed because Petitioner failed to timely bring the petition, and because this is a successive petition. For those reasons, the Court need not consider Petitioner's remaining objections, which focus on the merits of his petition.

Accordingly,

**IT IS ORDERED AND ADJUDGED**:

(1) Petitioner Ronald Lynn Horn's Objections (Doc. # 4) to the Magistrate Judge's Recommended Disposition are hereby **OVERRULED**;

(2) The Recommended Disposition of the United States Magistrate Judge (Doc. # 3) is hereby **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Ronald Lynn Horn's Petition for Writ of Habeas Corpus (Doc. # 1) pursuant to 28 U.S.C. § 2254 is hereby **DENIED**;

(4) This matter is hereby **DISMISSED** and **STRICKEN** from the docket of the Court; and

(5) That for the reasons set forth in the Magistrate Judge's Recommended Disposition, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 11th day of September, 2012.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Frankfort\12-51 Order adopting R&R on 2254.wpd